# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIA MILLS,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01952-RFB-MDC<br><br>**ORDER** |

Before the Court is a Motion for Partial Summary Judgment by Defendant Albertson's LLC. ECF No. 14. For the following reasons, the Court grants the motion.

## I.  PROCEDURAL HISTORY

On November 22, 2023, the matter was removed from the Eighth Judicial District Court. ECF No. 1. On September 20, 2024, Defendant Albertson's LLC ("Albertson's") filed a Motion for Partial Summary Judgment regarding Plaintiff's second cause of action alleging negligence against a Doe employee, and third cause of action alleging negligent hiring, training, and supervision against Albertsons. ECF No. 14.

The Court's Order follows.

## II.  FACTUAL ALLEGATIONS

The Court finds that there are no genuine disputes as to any material facts. Thus, the Court makes the following findings of undisputed facts.

### A.  Undisputed Facts

On July 22, 2022, Plaintiff slipped and fell on liquid waste in an aisle at an Albertson's store. The liquid that caused Plaintiff's slip had leaked from a cart of garbage being pushed through the store by Albertson's employee Adryon English ("Mr. English"). At the time of the incident,

Mr. English was an Albertson's Courtesy Clerk responsible for collecting trash for disposal. Mr. English was not following Albertsons' store policy regarding waste management and garbage disposal when the leak that led to Plaintiff's slip occurred. Rather than using a special cart designed for trash collection, Mr. English collected the trash in an ordinary shopping cart used by Albertson's customers which allowed liquid waste to leak onto the floor.

### III.    LEGAL STANDARD

#### A. Summary Judgement

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV.    DISCUSSION

Defendant's Motion for Partial Summary Judgment argues that Defendant is entitled to judgment as a matter of law as it relates to Plaintiff's second and third causes of action. The Court

begins by considering Defendant's arguments against Plaintiff's second cause of action against a DOE employee for negligence. The Court then turns to the merits of Defendant's third cause of action against Albertson's for negligent hiring, training, and supervision.

### A. Negligence Against DOE Employee

Plaintiff's First Amended Complaint ("FAC") raises a cause of action against the DOE Employee, identified as Adryon English for his alleged negligence which caused Plaintiff's injuries. Defendant argues that Plaintiff's individual claim against Mr. English is redundant because the alleged tortious conduct Mr. English engaged in was within the scope of his employment. Thus, Albertson's is vicariously liable for any finding of negligence against Mr. English. Plaintiff asserts that they must first establish Mr. English's negligence before liability can be imputed onto his employer Albertson's.

Vicarious liability is related to but not distinct from the concepts of several liability and join and several liability. Vicarious liability is "[l]iabiliy that a supervisory party … bears for the actionable conduct of a subordinate … based on the relationship between the two parties." Black's Law Dictionary 1055 (10th ed. 2014). The supervisory party need not be directly at fault to be liable, because the subordinate's negligence is imputed to the supervisor. See Restatement (Third) of Torts: Appointment of Liability § 13 (Am. Law Inst. 2000). Vicarious liability applies "regardless of whether joint and several liability or several liability is the governing rule." Id. McCrosky v. Carson Tahoe Reg'l Med. Ctr., 133 Nev. 930, 932-933.

The Nevada Supreme Court has held that vicarious liability attaches when an employee is under the control of the employer and when the act is within the scope of employment. Rockwell v. Sun Harbor Budget Suites, 112 Nev. 1217, 1223. Therefore, an actionable claim on a theory of vicarious liability requires proof that (1) the actor at issue was an employee, and (2) the action complained of occurred within the scope of the actor's employment. Id. Employers can only be vicariously responsible for the acts of their employees. The establishment of an employer-employee relationship requires "that the employer have control and direction not only of the employment to which the contract relates, but also of all its details and the method of performing the work…" Id. Whether an employee is acting within the scope of his or her employment is

generally a question for the trier of fact, but where undisputed evidence exists concerning the employee's status at the time of the tortious act, the issue may be resolved as a matter of law. Evans v. Southwest Gas, 108 Nev. 1002, 1004, 842 P.2d 719, 721 (1992).

In this instance, there is no dispute of material fact regarding Mr. English's status as an Albertson's employee at the time of the incident. In Defendant Albertson's Motion for Partial Summary Judgment, Alberton's identifies Mr. English as the DOE Defendant whose alleged negligence caused the accident. Furthermore, in their Motion for Partial Summary Judgment Albertson's pleads that Mr. English was engaging in activity within the scope of his employment as a Courtesy Clerk when he used the incorrect cart to transport waste through the store which led the to leak that allegedly caused Plaintiff's injury. Thus, the Court determines as a matter of law that at the time of the incident at issue Mr. English was an Albertson's employee acting within the scope of his employment. Therefore, the Court finds in favor of Albertson's and grants partial summary judgment with regard to Plaintiff's second cause of action alleging negligence.

### B. Negligent Hiring, Training, and Supervision

In Plaintiff's FAC Plaintiff raises a claim of negligent hiring, training, and supervision against Albertson's. Albertson's asserts that Plaintiff has failed to produce any evidence to support this claim and contends that the claim fails as a matter of law. Plaintiff concedes this argument and does not oppose summary judgement as it relates to this cause of action. Thus, the Court grants partial summary judgment with regard to Plaintiff's third cause of action alleging negligent hiring, training, and supervision.

**V.     CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment [14] is **GRANTED**.

**DATED:** September 26, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**